IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 25, 2019 Session

## WILLIAM BOATWRIGHT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
No. 102783     G. Scott Green, Judge

**No. E2018-02185-CCA-R3-PC**

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur with the majority opinion in its analysis that Petitioner was denied effective assistance of counsel. Petitioner's counsel failed to raise specific issues regarding the lack of sufficient evidence to sustain two convictions, and the issues had merit. However, I disagree with the majority opinion's conclusion as to the relief to which Petitioner is entitled. This is a unique post-conviction case. I am unable to recall ever before reviewing an appeal wherein the petitioner is entitled to post-conviction relief because, following a thorough review of the evidence at trial taken in the light most favorable to the State, it is clearly shown that the evidence was insufficient to sustain the convictions of especially aggravated robbery of one victim and aggravated robbery of another victim. Petitioner's counsel failed to make the appropriate argument for judgment of acquittal at the close of the State's case and failed to argue the issue in the direct appeal to this court. That failure established deficient performance. The review of the evidence at trial, the result of which is stated above, clearly established prejudice to Petitioner as a result of counsel's deficient performance. Reversing the judgment of the post-conviction court is appropriate. However, remanding the matter to the trial court for Petitioner to have the opportunity to file a motion for new trial denies Petitioner the relief to which he is entitled. As will be discussed herein, it may also be in violation of Petitioner's constitutional rights to be protected from double jeopardy.

The petitioner in a post-conviction hearing may appeal as of right from a judgment which denies post-conviction relief. Tenn. R. App. P. 3(b). Rule of the Supreme Court of the State of Tennessee 28 contains the rules of post-conviction procedure. Section 10(A) provides that an "appeal from the dismissal or denial of a post-conviction petitioner shall be in accordance with the Tennessee Rules of Appellate Procedure." Similarly, Tennessee Code Annotated section 40-30-116 provides in part that "[t]he order granting or denying relief [in a post-conviction proceeding] shall be deemed a final

judgment and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure."

As to post-conviction proceedings, Tennessee Code Annotated section 40-30-111(a) provides in part:

> (a) If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, **the court shall vacate and set aside the judgment** or order a delayed appeal as provided in this part **and shall enter an appropriate order and any supplementary orders that may be necessary and proper**.

(Emphasis added).

Furthermore, Rule of the Supreme Court of Tennessee 28 section 9(C) states:

> (C) **Orders Granting Relief** – If the court finds that petitioner is entitled to relief, *the court shall enter an order vacating and setting aside the judgment of conviction* or sentence or an order granting a delayed appeal. *The court shall also enter any other appropriate supplementary orders that may be necessary and proper.*

(Emphasis in italics added).

On appeal from the denial of post-conviction relief, after this court determines that a petitioner is entitled to post-conviction relief, it is within the authority of this court to set aside the challenged convictions, in this case the especially aggravated robbery of Mr. Matthews and the aggravated robbery of Ms. Williams. The consideration then turns to what has to be done to order what "may be necessary and proper." T.C.A. § 40-30-111(a); Rule 28 Tenn. S. Ct. § 9(C). The disposition of appeals, including appeals in post-conviction proceedings, is governed in Tennessee Rules of Appellate Procedure 36-44. The very first part of Rule 36 sets forth the following:

> **Rule 36. Relief; Effect of Error.** – (a) Relief To Be Granted; Relief Available. – The Supreme Court, Court of Appeals, and Court of Criminal Appeals *shall grant the relief* on the law and facts *to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order*;

(Emphasis in italics added)

- 2 -

The cited rules of appellate procedure and of the Supreme Court of Tennessee, and the statutes quoted authorize, and in fact mandate, the relief to which Petitioner is entitled. As recognized in the majority opinion, a petitioner is entitled to post-conviction relief as a result of ineffective assistance of counsel if counsel's performance was deficient, and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This panel has unanimously determined that counsel's performance was deficient as a result of the failure to assert that the evidence at trial was legally insufficient to support the convictions for especially aggravated robbery of Mr. Matthews and the aggravated robbery of Ms. Williams. Regarding the prejudice prong of *Strickland*, this panel has unanimously determined in a detailed analysis of the law and the evidence at trial (taken in the light most favorable to the State) that the evidence at trial fails to prove at least one essential element of each offense. That results in a legal determination that the evidence was insufficient to sustain the convictions.

The record clearly shows that if trial counsel had not rendered ineffective assistance of counsel, the two charges would have had to be dismissed with prejudice (at the close of the State's proof) or the convictions would have had to be reversed and the charges dismissed on direct appeal. Thus, if the post-conviction court below had *not* erred, and had thus granted post-conviction relief, that court, in compliance with Tennessee Code Annotated section 40-30-111, would be required to set aside the judgments of conviction for the two challenged convictions. Since the reason for setting aside the convictions was insufficiency of the evidence, a retrial of those charges of especially aggravated robbery and aggravated robbery could not be allowed. Tenn. R. App. P. 36(e); *Burks v. United* States, 437 U.S. 1, 18 (1978). ("Since we hold today that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal").

As stated in the beginning of this separate opinion, this case is unique. In order to conclude that the prejudice prong of *Strickland* has been established, this court has determined that the evidence at trial was legally insufficient to support the convictions for especially aggravated robbery of Mr. Matthews and the aggravated robbery of Ms. Williams. We should not, and I assert cannot, now close our eyes to this conclusion and remand the matter to the trial court in the manner provided in the majority opinion.

The cited statutes, rules, and the Supreme Court's opinion in *Burks* mandate that we grant the post-conviction relief to which Petitioner is clearly entitled: reversal of the two challenged convictions and dismissal with prejudice of the charges of especially aggravated robbery of Mr. Matthews and the aggravated robbery of Ms. Williams.

However, I believe this court should then remand to the trial court for a hearing and determination of whether there are applicable lesser included offenses of the especially aggravated robbery and aggravated robbery to which the jury was instructed, and whether one could now be imposed, or if not so instructed, whether the State might be allowed to retry Petitioner for any lesser included offense(s) in compliance with *State v. Whited*, 506 S.W.3d 416, 447-48 (Tenn. 2016).


_____
THOMAS T. WOODALL, JUDGE